STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   DOCKET NO. RE-09-174

                                                  JAW-CUM-4/6/2009


CAMDEN NATIONAL BANK,

        Plaintiff
                                                  ORDER ON MOTION FOR
                                                  SUMMARY JUDGMENT
v.

TRAVIS P. SOULE and
KAREN J. SOULE,

        Defendants.


The court has before it a Motion for Summary Judgment filed on or after June 15,

2009 and before January 1, 2010, in an action for foreclosure brought pursuant to 14

M.R.S.A. § 6321, et seq. As of the date of this Order, the Defendants have failed to file

an appearance or a timely objection.

Regardless of whether the Defendants have filed an objection, this Motion is

subject to P.L. 2009, c. 402, a law that included major substantive revisions to 14

M.R.S.A § 6101 and was effective when approved on June 15, 2009. In addition, new

Rule 56(j), effective August 3, 2009, imposed detailed requirements for granting

summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] Also, the Advisory

Committee note makes it clear that the court has an independent obligation to ensure

---

[1] M.R. Civ. P. 56(j) states:
> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

compliance with this rule.[2] The Law Court has held that P.L 2009, c. 402 and Rule 56(j) apply to all summary judgment motions filed on or after their respective effective dates, regardless of when the foreclosure complaint was filed. *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, n.2, 985 A.2d 508, 510-11.

Having reviewed the file, the court concludes that the following requirements for a summary judgment of foreclosure have or have not been met:

|  | Compliant | Non-compliant or unclear |
|---|:---:|:---:|
| **Service:** Proof of service on all defendants and parties in interest. | X | |
| **Jurisdiction:** Case brought in the court division where the property (or any part of it) is located. *See* § 6321. | X | |
| **Mortgage:** | | |
| Proof of existence of the Mortgage, book and page number, and adequate description of property (including street address if any). | X | |
| Properly presented proof of ownership of the Mortgage, including any assignments or endorsements. | X | |
| **Note:** Properly presented proof of ownership of the mortgage note, including all assignments and endorsements. | X | |
| **Breach:** A breach of condition in the mortgage. | X | |
| **Amount Due:** The amount due on the mortgage note, | X | |

---

[2] The Advisory Committee note states:
> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

Maine Rule of Civil Procedure 56(j) advisory committee's note, *available at* http://www.courts.state.me.us/rules_forms_fees/rules/MRCivPAmend55&56-8-09.pdf.

| | Compliant | Non-compliant or unclear |
|---|:---:|:---:|
| including any reasonable attorney fees and court costs. | | |
| **Priority:** The order of priority and amounts due to other parties in interest, including any public utility easements. | X | |
| **Notice:** Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed (including that contents of the notice comply with § 6321-A unless an exception in § 6111(5) applies). | | X |
| **M.R. Civ. P. 56:** All facts relied upon in support of summary judgment are properly set forth in Rule 56(h) statements and properly supported in the record. | | X |
| **Mediation:** If required by M.R. Civ. P. 93 (for cases filed after Dec. 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default) | X | |
| **SCRA:** If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521 | | X |

The Plaintiff has not complied with all of the requirements for obtaining a foreclosure. The deficiency of this motion is due to facts not adequately alleged in the statement of material facts in support if its motion for summary judgment filed by the Plaintiff. *See* M.R. Civ. P. 56(h).[3] In the statement of material facts the Plaintiff did not

---

[3] Facts not set forth in the statement of material facts are not in the summary judgment record, and therefore not properly before the court. *See* M.R. Civ. P. 56(h)(1) ("[e]ach fact asserted in the statement [of material facts] *shall be set forth* in a separately numbered paragraph and supported by a record citation") (emphasis added); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 5, 770 A.2d 653, 655 ("A party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court . . . .").

provide evidence that notice requirements[4] were strictly complied with or a statement as to whether or not the Defendants are in military service as required by the Servicemember's Civil Relief Act since they have not filed an appearance in this action. 50 U.S.C. app. § 521. Therefore, the court concludes that summary judgment is inappropriate at this time.

Accordingly, the Court **ORDERS** that Plaintiff may submit further evidence and documentation by affidavit and an additional Rule 56(h) statement within 14 days, to which Defendant(s) may respond. A Case Management Conference will then be scheduled. If nothing further is received, the Motion will be denied and a Case Management Conference set.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).


DATED: April 8, 2010

Joyce A. Wheeler, Justice

---

[4] Although the affidavit filed with the motion for summary judgment does contain the notice information and references the letter of default, this fact was not asserted or referenced in the statement of material facts, and as such is not properly before the court. *See Chase*, 2009 ME 136, ¶ 12, n.4, 985 A.2d 508, 511-12 (noting that even where "[a]n affidavit referred to in [the Plaintiff's] statement of material facts did state the amount owed on the mortgage note [but] the amount was not stated in the statement of material facts itself" it did not comply with the requirement of Rule 56(h)(1)).

TRAVIS SOULE
KAREN SOULE
19 WOODLAND WAY
NEW GLOUCESTER ME 04260

MICHAEL HAENN ESQ
LAMBERT COFFIN HAENN
PO BOX 915
BANGOR ME 04402-0915